CORBIN *v.* STATE OF INDIANA.

[No. 0-482. Filed October 7, 1957.]

*Ralph Corbin, pro se.*

ACHOR, J.—Petitioner has filed a petition *pro se in pauperis,* stating that he was convicted for the crime of manslaughter and sentenced to the Indiana State Prison for a period of two to 21 years under circumstances which, he alleges, generally deprived him "of the protection and guarantees of the laws and Constitution of Indiana and the Due Process and Equal Protec-

tion clauses of the Fourteenth Amendment to the Constitution of the United States.

Petitioner further states that he desires the services of a public defender to present his grievances to this court for adjudication, but that by reason of the fact that the Honorable Robert S. Baker, public defender of Indiana is the same Robert S. Baker, Judge of the LaPorte Superior Court who presided at petitioner's trial and rendered the judgment of conviction, that he cannot be fairly represented by this public defender or any of his deputies.

It would seem that in a unique situation such as is presented here this court could, within the spirit of the statute authorizing the appointment of a public defender, exercise its discretion by providing such representation as will, in its opinion, provide the petitioner with adequate counsel.

However, in order to invoke the services of this court in such extraordinary circumstances, it would seem only reasonable that petitioner be required to allege facts sufficient to make a *prima facie* showing of the alleged deprivation of his constitutional rights, of which he complains. The petition is fatally defective in that it does not state any facts which constituted the alleged violation of petitioner's constitutional rights, nor is the petition accompanied by a certified copy of the proceedings in the trial court as required by Rule 2-35, from which record such facts, if alleged, could be considered by this court.

Nevertheless, because of the unique circumstances of petitioner's request and in order to put this matter at rest, the court has received and examined a certified copy of the transcript of said proceedings. We find that petitioner was represented by very able counsel,

appointed by the court at petitioner's request; that petitioner was informed as to the nature and penalty of the charge and of his rights of trial, and that he pleaded guilty before commitment. The judgment of commitment, which deferred the commencement of his sentence until the expiration of a sentence he was then serving for a previous crime, conformed to the controlling statute (§9-1021, Burns' 1956 Repl.).

The petition is denied.

Arterburn, C. J., Bobbitt, Landis and Emmert, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 170.