284 So.2d 415 (1972)
Cleon Donald WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 72-657.
District Court of Appeal of Florida, Second District.
December 20, 1972.
On Rehearing October 22, 1973.
Judge C. Luckey, Jr., Public Defender, and Ralph Steinberg, Asst. Public Defender, Tampa, for appellant.
Cleon Donald Walker in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Affirmed.
PIERCE, C.J., and MANN and McNULTY, JJ., concur.

ON PETITION FOR REHEARING
McNULTY, Judge.
We have treated this as a direct appeal from the entry of a new judgment and sentence imposed upon appellant who had moved pursuant to Rule 3.850, R.Cr.P., to vacate the former judgment and sentence.
It appears that previously, in the aforementioned Rule 3.850 proceeding, this court remanded the cause for determination of *416 whether the defendant, at that time under a life sentence as a fourth offender habitual criminal, had theretofore been validly convicted within the principles of Gideon. Upon remand, the lower court vacated the habitual criminal judgment and set aside the sentence therefor. In the same order, he adjudicated the defendant guilty of the lesser included offense of being a second offender and imposed a ten year sentence. This appeal is from this new judgment and sentence.
The public defender filed an Anders brief. Appellant filed a pro. per. brief thereafter. In neither brief was it alleged that appellant was not present at the hearing before the trial court at which the new judgment and sentence were entered. Moreover, the point is not raised in any other pleading or assignment either here or below. Accordingly, no error being otherwise found, we affirmed.
Now, on rehearing, and for the first time, appellant alleges that he was not present before the lower court at the entry of the judgment or at imposition of the sentence presently in force. If that is true, the judgment and sentence are clearly void since each is an essential stage of the proceedings and no waiver of appellant's presence thereat appears of record.[1] Because of the fundamental nature of the allegation we consider it now, even though not previously expressly raised, to avoid further litigation. In view whereof, we have heretofore issued rules nisi to ascertain the truth thereof.
From the State's responses to said rules it appears that in truth and in fact the trial court did indeed impose a new sentence in the absence of appellant and that no waiver of such presence was made. Such sentence is therefore fundamentally defective.
Accordingly, the sentence herein, contained in the order on Motion to Vacate of July 14, 1972, is reversed and the cause is remanded for resentencing with appellant being present. Such new sentence shall give credit for time already served under the sentence in the aforesaid July 14 order. Rehearing is, therefore, granted.
MANN, C.J., and PIERCE, (Ret.), J., concur.
NOTES
[1] Thacker v. State, Fla.App. 1966, 185 So.2d 202.