CHARLES FOSTER, a/k/a CHARLES LOVE *v.* STATE OF INDIANA.

[No. 374S64. Filed December 20, 1974.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert S. Spear*, Deputy Attorney General, for appellee.

HUNTER, J.—Charles Foster, alias Charles Love, brings this belated appeal from his conviction, after trial by jury, of robbery and infliction of injury during the commission of robbery. Appellant presents four (4) issues for review:

1. Whether his confession was improperly admitted;
2. Whether his convictions were based upon insufficient evidence;

3. Whether a rifle was improperly admitted as the product of an unlawful search;

4. Whether defendant's counsel was incompetent.

Appellant's Belated Motion to Correct Errors states:

"3. That the confession of the defendant was admitted over objection of counsel and without any showing that the defendant in said cause was apprised of his constitutional rights."

The record in this case indicates that the confession was offered into evidence through the victim of the crime who testified that he was present when the statement was given, and that he observed the defendant sign the document. The victim signed the confession as a witness, and stated that he recognized State's Exhibit Number Two as the instrument which he had signed. When the state offered the confession, defense counsel stated his objection:

"The defendant objects to the introduction of this statement for the reason that it states that it was made to Spurgeon Davenport, George Shields, and Edward Clouse, Detectives of the Indianapolis Police Department. There is no mention that [the confession] was made to this witness on here. For that reason we object to an identification and introduction from this witness."

The court overruled the objection.

Defendant-appellant in his brief does not argue that the overruling of this objection was improper. It is, therefore, waived pursuant to *Indiana Rules of Appellate Procedure,* Appellate Rule 8.3(A)(7). Rather, appellant in his Belated Motion to Correct Errors, for the first time objected that the confession was improperly admitted on the ground that there was no showing that defendant had been advised of his constitutional rights. While appellant's Belated Motion to Correct Errors was filed and overruled after *Miranda,* the law applicable at the time of appellant's trial placed upon him the burden of showing the involuntariness of his confession. *Britt v. State* (1962), 242 Ind. 548, 180 N.E.2d 235. Since the objection set out above clearly indicates

that appellant did not attack the confession at the time of its admission on the grounds of involuntariness, a reasonable assumption is that appellant did not at some latter point in the trial introduce proof that his confession was involuntary. The record indicates the correctness of this assumption. Moreover, appellant, while denying the confession, testified that he had been advised of his rights prior to making the statement:

CROSS EXAMINATION
QUESTIONS BY MR. WADE

Q. "You say you recall being at the Police Headquarters and being interrogated by Lieutenant Davenport?"

A. "Sir?"

Q. "You say you recall being at the Police Department being interrogated by Lieutenant Davenport?"

A. "I don't understand what is interrogated, but I was down there with him."

Q. "Did he talk to you there?

A. "Yeah, he did."

Q. "Did he ask you questions?"

A. "Yeah."

Q. "Did he advise you that you didn't have to tell him anything?"

A. "That's what he told me."

Q. "Did he also advise you that you had a right to counsel?"

A. "A counsel?"

Q. "Yes, a lawyer to advise you?"

A. "Yes."

Q. "Did he advise you that anything you might say could be used against you in court?"

A. "Yeah, he did."

The record also contains uncontradicted testimony by several officers who were present when the confession was given that neither threats nor promises were made to the defendant to induce his statement. Nor does the record indicate that the confession came after pro-

longed questioning. Appellant's confession was properly admitted.

Prior to reviewing the sufficiency of the evidence, it is well to note the standard of review. On appeal we are not free to reweigh the evidence. Considering only the evidence most favorable to the state and the reasonable inferences therefrom, if there is substantial evidence of probative value from which the trier of fact could reasonably infer appellant's guilt beyond a reasonable doubt, the verdict will be affirmed. *Conrad* v. *State* (1974), 262 Ind. 446, 317 N.E.2d 789.

The evidence most favorable to the state reveals that defendant was the second of two men who entered a gasoline station around 10:45 p.m. on August 13, 1963. The attendant, George Wagoner, testified that the defendant was carrying a twenty-two (.22) rifle with red and green polka dots on the stock. Informing the attendant that this was a stick-up, the defendant ordered the attendant to get down on the floor. When the attendant froze, he was shot in the abdomen. Defendant's accomplice then took the keys to a desk drawer from the attendant's pocket and removed about $120 from the drawer. A few dollars were also taken from the attendant's shirt pocket. Defendant and his accomplice removed a tire from the back room as they fled.

This evidence clearly demonstrates a taking by force from another of an article of value. The evidence also demonstrates an injury inflicted with a deadly weapon during the taking. Hence, there was sufficient evidence presented from which the trier of fact could find appellant guilty beyond a reasonable doubt of the offenses charged.

Against this evidence, appellant re-asserts his alibi defense. As this Court has previously stated, "This conflict between the State and defense witnesses is, of course, a question of credibility and therefore is not properly

treated on appeal." *Jackson* v. *State* (1973), 260 Ind. 61, 291 N.E.2d 892, 893.

Appellant urges that a twenty-two (.22) rifle was improperly admitted in evidence as the product of an unlawful search. However, appellant's failure to object to the introduction of the rifle at trial presents no reviewable issue to this Court. *Jones* v. *State* (1970), 255 Ind. 57, 262 N.E.2d 538.

Finally, appellant argues that he was denied a fair trial by virtue of incompetent representation. Admitting that a showing of incompetency turns upon a finding that the facts relevant to counsel's representation must shock the conscience of the court and render the proceedings a mockery, *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514, appellant asserts the following facts:

1. In establishing defendant's alibi, counsel failed to call Arlena Block;
2. Counsel failed to submit instructions;
3. Counsel failed to object to the admission of the rifle.

Defendant's alibi (that he was in Shaw, Missippi when the act occurred) was sworn to by defendant's second consin from Shaw, and by defendant's mother from Indianapolis. Defendant's contention is that Arlena Block, with whom defendant was allegedly staying while in Shaw, would have been able to provide "the most valuable credible testimony." Assuming *arguendo* that her testimony may have been more credible than that of his mother and cousin, it does not follow that the trier of fact, upon pain of reversal, would have been required to find her testimony compelling. The harm suffered by appellant in this situation is de minimis and does not adversely reflect upon counsel's representation.

Defendant asserts that counsel's failure to tender instructions, while not ipso facto incompetent representation, must, nevertheless, be considered as indicative of counsel's lack of preparation. The purpose of an instruction is to inform the jury of the law applicable to the

facts in such a manner that jurors will not be misled, and that they may clearly comprehend the case and arrive at a just, fair, and correct verdict. *Cockrum* v. *State* (1968), 250 Ind. 366, 234 N.E.2d 479. Since appellant does not complain that the instructions actually given were incorrect, the substance of appellant's objection is that he was prejudiced because the state presented the proper instructions and not his counsel. This claim is without merit.

Appellant's contention that counsel was incompetent in failing to object to the admission of the rifle assumes that the rifle was the product of an unlawful search. Appellant's argument is therefore waived under AP. 8.3(A)(7), for failure to support his contention that the rifle was the product of an unlawful search with ". . . parts of the record relied upon . . . [so that there is a] clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

The record affirmatively demonstrates that appellant was competently represented at trial.

For all the foregoing reasons, judgment is affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 320 N.E.2d 745.