**Valgene ROYAL, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 379S73.**

Supreme Court of Indiana.

Nov. 13, 1979.

John F. Hoehner, Valparaiso, for appellant.

Theo. L. Sendak, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted in a trial by jury of first degree murder, Ind. Code § 35–13–4–1(b)(1) (Burns 1975). He was sentenced to life imprisonment. The trial court ordered that term of imprisonment to commence upon the completion of a term of imprisonment the defendant was then serving upon a previous conviction. His appeal presents the following issues:

(1) Whether the trial court erred in imposing a consecutive sentence.

(2) Whether the trial court erred when it imposed sentence despite the defendant's absence at the sentence hearing.

(3) Whether the defendant was denied effective assistance of counsel.

(4) Whether the trial court erred when it refused, after trial had commenced, to grant the defendant a continuance so that he could secure the presence of a witness.

\* \* \* \* \* \*

## ISSUE I

Defendant was incarcerated at the Indiana State Prison at the time that Harold Rice, a prison employee, was murdered. Defendant, upon his conviction for that murder, received a life sentence to commence upon the completion of the term of imprisonment he was then serving.

■ Defense counsel correctly cites *Baromich v. State*, (1969) 252 Ind. 412, 249 N.E.2d 30, for the proposition that a trial court cannot impose a consecutive sentence in the absence of specific statutory authority and argues that the trial court lacked such authority.

■ The issue is controlled by Ind. Code § 35–1–20–6 (Burns § 9–1021 1975) (repealed by § 3555 of Acts 1978, P.L. 2), in effect at the time Defendant was convicted and sentenced, which gave the trial court authority to impose the sentence. A portion of

that statute dealt with the return to prison of an inmate convicted of an offense committed while confined to a state penal institution. The statute, in pertinent part, provided that where the inmate was sentenced to imprisonment in the state prison, his term of imprisonment was to "begin to run from the expiration of the term for which he was imprisoned at his removal * * *."

We have previously determined that it was proper, pursuant to the above statute, to postpone the commencement of one sentence until a previous term of imprisonment had expired. *Corbin v. State*, (1957) 237 Ind. 293, 145 N.E.2d 170.

### ISSUE II

Defendant next contends that the trial court erred when it imposed sentence in spite of his absence at the sentencing hearing. Although there is no apparent explanation for the proceedings, the record does reflect that two sentence hearings were held. On February 25, 1978, one day after trial, the court entered judgment on the verdict and sentenced the defendant to life imprisonment. Both Defendant and defense counsel were present, and the defendant informed the court that he wished to appeal. Trial counsel asked leave to withdraw, and pauper counsel was appointed to perfect an appeal.

Defendant makes no reference to the February sentencing, but complains that he was not present at the second hearing conducted on March 9, 1978. Trial counsel and the newly-appointed appellate counsel were both present on that date. The trial court again appointed appellate counsel and then heard argument on the propriety of sentencing the defendant in his absence. The court, after stating that it would proceed because of the "difficulty in getting Mr. Royal here" and because there was no discretion in sentencing, again sentenced the defendant to life imprisonment.

■ That the defendant has the right to be present at sentencing is well recognized. *E. g., Ball v. United States*, (1891) 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377; Ind.Code

§ 35–4.1–4–4 (Burns § 35–8–1A–4 1975); *Joseph v. State*, (1956) 236 Ind. 529, 141 N.E.2d 109; Wharton's Criminal Procedure § 609, at 205 (12th ed. 1975); 21 Am.Jr.2d, *Criminal Law*, § 528 (1965). Defendant concedes, however, that the trial court's actions did not constitute reversible error. He nevertheless asserts that the cause should be remanded to the trial court so that the proceedings may be conducted in his presence. Although research reveals no Indiana cases directly on point, such action is not without precedent in other jurisdictions. *Walker v. State*, (1973) Fla.App., 284 So.2d 415; *State v. Stephenson*, (1956) 41 N.J.Super. 315, 125 A.2d 157.

■ While it was undoubtedly error to hold the second hearing in the defendant's absence, he has not shown how he was harmed. There was no discretion in the trial court as to sentencing. Additionally, the defendant was present at the first hearing, and there was no alteration of the original sentence at the later hearing. It thus appears that a remand for resentencing would serve no purpose.

### ISSUE III

Defendant next asserts that he was denied effective representation by his trial counsel. Citing *Magley v. State*, (1975) 263 Ind. 618, 621, 335 N.E.2d 811, 814, the defendant recognizes that counsel " 'is presumed to have prepared and executed his client's defense effectively.' " He contends, however, that defense counsel conducted an inadequate investigation and therefore, failed to subpoena a critical alibi witness.

The murder occurred between 7:00 a. m. and 8:00 a. m. Defendant's alibi was that he was either in his cell or cell block at that time and therefore, could not have been in the prison laundry where the murder took place.

Before the defense began its case, defense counsel, outside the presence of the jury, informed the trial court that he and the defendant disagreed about the necessity of calling Roy Turner as a witness. Counsel never personally interviewed Roy Turn-

er, who was then incarcerated at the federal penitentiary in Terre Haute, Indiana, but he described several letters that he had written to, and received from, Turner. Counsel indicated that he did not believe Turner's testimony was necessary, and there was even an indication that he felt such testimony might be detrimental.

In *Kerns v. State*, (1976) 265 Ind. 39, 349 N.E.2d 701, the defendant charged that his attorney's investigation was inadequate. The Court stated:

"The very best lawyers are limited to working with their cases as they find them. They cannot alter the facts. They cannot make unlawful acts lawful. They cannot undue (sic) the crime. If the investigation was brief and limited, perhaps it was because it, nevertheless, revealed that there was no need to explore further." 265 Ind. at 43, 349 N.E.2d at 703.

Here, it is apparent that counsel had determined from his correspondence that it would be useless to pursue Roy Turner further.

The issue here is similar to one presented in *Foster v. State*, (1974) 262 Ind. 567, 320 N.E.2d 745. Foster argued that his trial counsel was ineffective because he failed to call an additional alibi witness after two other witnesses had already testified regarding Foster's alibi. The additional witness, Foster contended, was the most valuable and credible. The Court responded:

"Assuming *arguendo* that her testimony may have been more credible than that of his mother and cousin, it does not follow that the trier of fact, upon pain of reversal, would have been required to find her testimony compelling. The harm suffered by appellant in this situation is de minimis and does not adversely reflect upon counsel's representation." 262 Ind. at 573, 320 N.E.2d at 748.

In the present case defense counsel called several witnesses who testified to the defendant's presence in his cell block at the time of the murder. Roy Turner's deposition shows that his testimony would have been little more than cumulative. As in *Foster*, there is no indication that the jury would have been required to find his testimony compelling.

 If, as it appears from the record, it was counsel's decision, as part of his strategy, to proceed without Roy Turner, it is well settled that this Court will not second-guess counsel's tactics. *E. g., Loman v. State*, (1976) 265 Ind. 255, 354 N.E.2d 205. If counsel did err in failing to pursue Roy Turner, it is the rule that an isolated instance of poor strategy does not render counsel incompetent unless the record reflects that the trial was reduced to a mockery of justice. *E. g., Merida v. State*, (1979) Ind., 383 N.E.2d 1043. The record here is devoid of any such showing and thus, the defendant has failed to present the clear and convincing evidence necessary to overcome the presumption that his counsel was competent. *Isaac v. State*, (1971) 257 Ind. 319, 274 N.E.2d 231.

## ISSUE IV

Defendant's final assignment of error also involves Roy Turner. See Issue III. Defendant contends that the trial court erred when it refused, after trial had commenced, to grant a continuance and allow him sufficient time to procure Turner who, he asserts, was a "material witness crucial to the defense."

After the conclusion of the State's case in chief, the defendant indicated to the court that he wished to have Turner as a defense witness. Defense counsel stated that he did not believe that Turner was necessary. The trial judge commented that it would take eight (8) to ten (10) days to obtain Turner from the federal prison at Terre Haute, Indiana; he added that he could not stop the trial to wait that long and would proceed without Turner.

Initially, we note that no formal request for a continuance was made. "It is not error for a trial court to fail to grant a continuance which was never requested." *Brown v. State*, (1979) Ind., 385 N.E.2d 1148, 1152.

 Assuming *arguendo* that Defendant's comments can be construed as a re-

quest for a continuance to secure the testimony of Turner, it is clear that there was no compliance with Ind.Code § 35–1–26–1 (Burns 1975). That statute sets out the procedure for postponement of a trial on account of an absent defense witness. After providing that such a motion can be made only on an affidavit, the statute, in pertinent part, states:

> "The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be readily procured * * *. The defendant shall file such affidavit for continuance at least five [5] days before the date set for trial or shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit for continuance at an earlier date * * *."

The ruling on any motion not in compliance with the statute is discretionary with the court and will be reversed only for a clear showing of abuse of that discretion. *Atkins v. State,* (1977) Ind.App., 370 N.E.2d 985; *Collier v. State,* (1977) Ind.App., 362 N.E.2d 871. *See, Finton v. State,* (1963) 244 Ind. 396, 193 N.E.2d 134. While defendant contends that there was an abuse of discretion, he makes no showing or persuasive argument in that regard.

Defendant also argues, in essence, that the trial court would have been more receptive to his request but for the ineffectiveness of his trial counsel. The argument is basically as follows: Trial counsel failed to investigate Roy Turner adequately and thus, could not properly inform the trial court as to Turner's importance. The question of trial counsel's competence in this matter was resolved in Issue III.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.