Jack Quirk, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of attempted murder. He was sentenced to a term of twenty (20) years and fined $500.

Appellant claims he was inadequately represented by trial counsel. He contends his public defender met with him on one occasion, the day before trial. He additionally alleges his defense counsel failed to subpoena a substance abuse counselor from the Comprehensive Mental Health Center who was treating appellant.

There is a strong presumption that counsel is competent. A showing of convincing evidence is required to rebut that presumption. The standard of review for an issue of inadequacy of counsel is the mockery of justice test as modified by the adequate legal representation standard.

**Malhon KEMP, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S445.**

Supreme Court of Indiana.

April 13, 1983.

*Lindley v. State,* (1981) Ind., 426 N.E.2d 398; *Rice v. State,* (1981) Ind., 426 N.E.2d 680.

> "And mere perfunctory action by an attorney assuming to represent one accused of crime, which falls short of presenting the evidence favorable to him and invoking the rules of law intended to prevent conviction for an offense of which the accused is innocent or the imposition of a penalty more severe than is deserved should not be tolerated."

*Thomas v. State,* (1969) 251 Ind. 546, 550, 242 N.E.2d 919.

■ While incompetency of counsel revolves around the particular facts of a case, this Court will not speculate about the most advantageous strategy in each case. Rather, we will seek "to determine if and how a defense attorney's 'inadequacies' have harmed the defendant at trial." *Smith v. State,* (1979) Ind., 396 N.E.2d 898, 900.

The record belies appellant's allegation of having only met his trial counsel the day before trial. The public defender appeared with appellant at his arraignment and bond reduction hearing previous to trial. He moved for discovery and participated in a pretrial conference. In response to appellant's apparent dissatisfaction with his representation, expressed during his sentencing hearing, defense counsel filed an affidavit with the court. The affidavit indicates counsel had an extensive conversation with appellant after being appointed his public defender. Counsel reviewed all discovery material with appellant. Appellant's statement given to the police upon his arrest was the subject of four interviews, three times before and once during the trial. Defense counsel effectively moved to excise all references to marijuana, "some pills," and alcohol and drug abuse from the statement before it was read to the jury. Defense counsel accepted several collect telephone calls made by appellant to his office. His attorney contacted three people appellant named who could testify regarding his reputation for peacefulness and nonviolence. Two of the three people appeared as witnesses during the trial.

Defense counsel did not call appellant's mental health counselor because he believed the potential defenses of intoxication or mental disease or defect, in light of appellant's voluntary statement, would have been inconsistent and contradictory to appellant's assertion of self-defense and accident. Appellant's counsel cross-examined State witnesses and presented defense testimony on appellant's behalf. Counsel tendered final jury instructions which were submitted to the jury. At the sentencing hearing, the prosecutor stated he found his adversary to be thoroughly prepared.

■ Appellant was adequately represented by counsel. The trial court is in all things affirmed.

All Justices concur.