George WILLIAMS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1182S444.

Supreme Court of Indiana.

Jan. 18, 1984.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Defendant) was convicted of Robbery, Ind.Code § 35–13–4–6 (Burns 1976) (repealed), and First Degree Murder, Ind.Code § 35–13–4–1(a) (Burns 1976) (repealed), on February 18, 1976. On September 22, 1978, Petitioner filed his Petition for Post-Conviction Relief. This is an appeal from the denial of that petition and presents but one issue, i.e., whether Petitioner was denied the effective assistance of counsel at his trial.

■ Petitioner argues that he was denied the effective assistance of counsel in that his trial counsel consulted with him only once, that being on the day before trial, and that he, thereby, was precluded from calling a known alibi witness. Before discussing the merits of Petitioner's argument we note our standard of review in post-conviction relief proceedings:

"Petitioner [has] the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law." *Johnson v. State,* (1983) Ind., 453 N.E.2d 975, 976 (quoting *Neville v. State,* (1982) Ind.,

439 N.E.2d 1358, 1360) (citations omitted); *Neal v. State,* (1983) Ind., 447 N.E.2d 601, 602.

■ In reviewing allegations of ineffective assistance of counsel there is a strong presumption that counsel is competent; and strong and convincing evidence is required to rebut that presumption. *Brown v. State,* (1983) Ind., 443 N.E.2d 316, 319; *Kemp v. State,* (1983) Ind., 446 N.E.2d 1306, 1306–1307. The presumption is overcome only by showing that the attorney's action, or inaction, reduced the proceedings to a "mockery of justice" such as to shock the conscience of the court. *Brown,* 443 N.E.2d at 319; *Lindley v. State,* (1981) Ind., 426 N.E.2d 398, 401; *Royal v. State,* (1979) 272 Ind. 151, 396 N.E.2d 390, 393. In *Lindley,* we stated:

"Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel." 426 N.E.2d at 401. (citations omitted). *See Royal v. State,* 396 N.E.2d at 393.

Thus, in applying the mockery of justice standard this Court will look to the totality of the circumstances and seek "to determine if and how a defense attorney's 'inadequacies' have harmed the defendant at trial." *Smith v. State,* (1979) 272 Ind. 216, 396 N.E.2d 898, 900; *Kemp v. State,* 446 N.E.2d at 1307.

The record in this case reveals that Petitioner was living in the basement of his mother's home at the time the crime occurred. The basement had a private entrance, and the house was located only four (4) blocks from the scene of the robbery. At the post-conviction hearing, Petitioner's trial counsel testified that he had spoken to Petitioner's mother before the trial, and that, to the best of his recollection, she had told him that she believed Petitioner was at

home in bed at the time of the robbery but could not be positive that he was there. Petitioner testified at his trial and again at the hearing on his petition that he was at home on the night of the robbery. Petitioner's mother also testified at the hearing that Petitioner was at home at the time of the robbery, that she had told two police detectives that he had been at home, and that she had never spoken to her son's attorney, although she had made several attempts to contact him. Upon this evidence it is not at all clear that the testimony of Petitioner's mother would have had any significant impact upon his case.

■ The record further reveals that Petitioner's trial counsel demonstrated adequate preparation at trial, vigorously cross-examining the State's key witnesses and making appropriate objections. While Petitioner may have preferred his trial counsel to have sought a continuance in order to file a notice of alibi and to have called his mother as a witness, he has failed to show us how he was prejudiced by counsel's failure to do so. *See, Baker v. State,* (1980) Ind., 403 N.E.2d 1069, 1070.

The evidence before this Court is not without conflict, nor does it lead convincingly and unerringly to a conclusion opposite that reached by the trial court. *See, Johnson v. State,* 453 N.E.2d at 976; *Baker v. State,* 403 N.E.2d at 1070–71. Petitioner has not carried his burden of proof. The judgment of the trial court is therefore, affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.