Calvin L. TAYLOR, Appellant,

v.

STATE of Indiana, Appellee.

No. 485S179.

Supreme Court of Indiana.

July 25, 1986.

Anthony V. Luber, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Calvin Taylor was convicted after a jury trial of attempted robbery, a class B felony, Ind.Code § 35-42-5-1, § 35-41-5-1 (Burns 1985 Repl.). He was sentenced to a term of imprisonment of thirteen years.

Appellant raises five issues in this direct appeal:

1) Whether the trial court should have dismissed the charging information because it was not clear and concise;

2) Whether instructions about the aiding and abetting statute were proper;

3) Whether an instruction on flight was proper;

4) Whether the trial court erred by refusing an instruction which contained the complete language of the robbery statute, and

5) Whether the trial court correctly declined to give an instruction on lesser included offenses.

The facts most favorable to the judgment are as follows. Taylor was a passenger in a white Oldsmobile driven by Timothy Craine. They drove to a service station in South Bend about 8:30 p.m. on June 6, 1984. Both men entered the cashier's booth at the station and demanded money. Taylor hit a station employee, Gerald Riley, on his head and back with a tire iron. Riley ran out of the building, yelling for

bystanders to call the police. Taylor and Craine were unable to take the money from the locked cash register. They quickly departed in the Oldsmobile, with Craine driving.

Craig Jackson and Jill Trevallion, who witnessed the attempted robbery, followed the getaway vehicle for several blocks before they saw a police car. Jackson quickly explained the situation to the officer. The officer began his pursuit while the Oldsmobile still was in sight. Despite the siren and lights of the police car directly behind, Craine continued to drive the Oldsmobile from 15 to 20 mph above the speed limit for at least five minutes. Craine stopped the Oldsmobile only after turning into a private drive.

Taylor jumped out of the vehicle and ran as police approached. Craine was apprehended in the Oldsmobile. Shortly thereafter, Taylor was stopped on a golf course immediately behind the home where the Oldsmobile was parked. A tire iron was found under the passenger seat of the Oldsmobile where Taylor had been sitting and a buck knife was found between the seats. Taylor and Craine were taken to the service station where the station employee and the two witnesses separately identified Taylor as one of the would-be robbers.

### I. *Adequacy of the Information*

 Appellant contends that the trial judge erred when he denied appellant's motion to dismiss the information for failure to allege the facts clearly and concisely. The charging information states:·

RONALD D. HAWKINS, upon information and belief, after being duly sworn upon his oath, says that: On or about the 6th day of June, 1984, in St. Joseph County, State of Indiana, CALVIN LEWIS TAYLOR did attempt to commit the crime of robbery while armed, by knowingly striking GERALD RILEY in the head with a deadly weapon, to-wit: a tire iron, and by knowingly demanding money from GERALD RILEY with the intent to rob GERALD RILEY, which conduct constituted a substantial step toward the commission of the said crime of robbery

while armed with a deadly weapon, that is knowingly taking property from the presence of GERALD RILEY by using force on GERALD RILEY, to-wit: by striking GERALD RILEY in the head with a deadly weapon, to-wit: a tire iron.

All of which is contrary to the form of the statute in such cases made and provided, to-wit: Indiana Code 35–41–5–1, Indiana Code 35–41–2–4, and Indiana Code 35–42–5–1, and against the peace and dignity of the State of Indiana.

Two of the three laws cited in the charging information are robbery and attempt statutes. The third citation is the statute on aiding and abetting, which provides as follows:

35–41–2–4. Aiding, inducing, or causing an offense.—A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) Has not been prosecuted for the offense;

(2) Has not been convicted of the offense; or

(3) Has been acquitted of the offense. [IC 35–41–2–4, as added by Acts 1976, P.L. 148, § 1; 1977, P.L. 340, § 6.]

Taylor argues that the information was not adequate to charge him as an accessory, although he appears to concede that the information was sufficient to charge him as a principal. Taylor contends that the State should have alleged facts which specifically described the basis for accessory liability. Taylor charges that the charging information, absent such facts, failed to disclose the true nature of the charge against him.

The form of a charging information is governed by Ind.Code § 35–34–1–2 (Burns 1985 Repl.). The accused must be sufficiently apprised of the nature of the charges against him so that he may anticipate the proof and prepare a defense in advance of trial. Ind.Const., art. 1, § 13; I.C. § 35–34–1–2 (Burns 1985 Repl.); *Smith v. State* (1984) Ind., 465 N.E.2d 702.

The error in Taylor's argument is his treatment of the acts of accessory and principal as separate crimes. A person may be convicted as a principal upon evidence that he or she aided or abetted in the perpetration of the charged crime. There is no separate crime of being an accessory to a crime or aiding and abetting its perpetration. *Hoskins v. State* (1982), Ind., 441 N.E.2d 419.

The information was sufficient to charge Taylor with attempted robbery. No reference to the aiding and abetting statute was necessary for Taylor to be convicted of attempted robbery, regardless of whether the evidence showed he acted alone or with an accomplice. Therefore, by citing the aiding and abetting statute, the prosecution actually gave *more* notice of its theory than the law required. The charging information was more than sufficient to apprise Taylor of the charges against him so that he could adquately prepare for trial.

## II. *Aiding and Abetting Instructions*

Taylor argues that the trial court erred by giving several instructions on accessory liability. He contends that due process barred the State from proceeding on alternative theories of liability—principal and accessory—which were not sufficiently alleged through facts.

▊ We already have determined that the facts in the information were adequate to support the charge and resulting conviction. Furthermore, the law is clear that where the defendant has been charged as a principal, an instruction on aiding and abetting is proper where it is supported by evidence. *Abrams v. State* (1980) 273 Ind. 287, 403 N.E.2d 345. In this case, the evidence clearly showed that Taylor acted as both a principal and an accomplice in the crime. The instruction was proper.

## III. *Instruction on Flight*

▊ The trial judge gave the following instruction to the jury over Taylor's objection:

> You are instructed that you may consider evidence of the flight of the ac-

cused, if any, as showing consciousness of guilt, along with all the other evidence in the case.

Taylor argues that the trial court invaded the province of the jury as fact finder when it offered this instruction.

This argument clearly is without merit. Similar instructions on flight have been consistently approved by this Court. A flight instruction does not invade the province of the jury when it tells the jurors that flight of the accused is a circumstance which may be considered, and from which they may draw an inference of guilt in connection with the other evidence presented. *Frasier v. State* (1974), 262 Ind. 59, 312 N.E.2d 77.

## IV. *Instruction on Robbery*

▊ Taylor alleges that the trial court erred when it gave an edited version of the robbery statute in final instructions. Taylor contends the edited version of the statute removed all context and significance of the various elements of the robbery charge.

Appellant appears to have waived his objection by agreeing to the instruction before it was given to the jury. Regardless of the waiver, the trial court was not obligated to provide to the jury irrelevant portions of the statute. The purpose of an instruction is to inform the jury of the law applicable to the facts, so the jurors may comprehend the case accurately and arrive at a just, fair and correct verdict. *Foster v. State* (1974), 262 Ind. 567, 320 N.E.2d 745. Furthermore, instructions which state the law correctly but in abbreviated form are not erroneous merely because of their brevity. *Carpenter v. State* (1873), 43 Ind. 371.

The elements of the charge—robbery, as a class B felony—are clearly stated in the instruction. The only substantial omission from the statute is the section which deals with the elements of a class C robbery. No dispute existed in this case as to the use of a deadly weapon. Moreover, the information specifically charged armed robbery, a Class B felony. The section of the statute omitted in the instruction was not relevant. The judge edited the statute to apply to the

facts in the case, so the statute would be more easily understood by the jury. The instruction was proper.

### V. *Instructions on Lesser Included Offenses*

Taylor argues that the trial judge invaded the province of the jury when he refused to instruct that conversion and theft were lesser included offenses of robbery. If no genuine dispute exists as to evidence of the elements which distinguish the greater offense from the lesser, the defendant is either guilty of the offense charged or not guilty at all. *Jones v. State,* (1986) Ind., 491 N.E.2d 980.

The elements which distinguish robbery from theft and conversion are force or fear. I.C. §§ 35–42–5–1, 35–43–4–2, 35–43–4–3.

The prosecution offered clear, undisputed evidence at trial that force was used to commit the crime. Taylor has never questioned that an armed robbery occurred; he merely disputes that he was the perpetrator. Thus, the only issue in this case is identification. The trial judge correctly refused to give instructions on the lesser included offenses of conversion and theft.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.