**James F. McGILL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4–183A2.

Court of Appeals of Indiana, Fourth District.

June 28, 1984.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

A jury found defendant-appellant James F. McGill guilty of criminal deviate conduct as the result of an alleged sexual assault on his former sister-in-law, R.C. Having been charged with only attempted rape, McGill contends he was convicted of a crime for which he was never charged under guise of portraying deviate conduct as a lesser included offense of attempted rape. We find criminal deviate conduct is neither a "necessarily" included lesser offense of the charged crime, attempted rape, nor a "factually" included lesser offense found within the charge itself. We, therefore, agree with McGill's arguments and reverse.

## FACTS

R.C. alleges that on February 24, 1982, McGill gained entry into her trailer on the pretense he needed to use her telephone to call for a tow truck to assist him and his disabled vehicle. While inside, McGill allegedly grabbed R.C. from behind and conveyed her to her living room couch. R.C. struggled, but McGill overpowered her sufficiently to remove her pullover and brassiere and to pull her blue jeans and underpants down below her knees. Then, according to R.C., McGill placed his fingers in her vagina.

McGill was charged by the following Information:

"[R.C.], being duly sworn, upon oath says that on or about the 24th day of February 1982 at the County of Owen and in the State of Indiana, one JAMES F. McGILL did attempt to commit the crime of rape, by knowingly attempting to have sexual intercourse with [R.C.], a member of the opposite sex, by using force, to-wit: by grabbing said [R.C.] from behind, wrestling her, pinning her

down and forcefully partially disrobing her in order to compel [R.C.] to have sexual intercourse with JAMES McGILL, which conduct constituted a substantial step toward the commission of the crime of rape. All of which is contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana, I.C. § 35–41–5–1 [Attempt] & 35–42–4–1(a)(1) [Rape], Penalty Class B Felony."

Record, p. 7. McGill alternately defended by denying the charge and by attempting to erect some form of voluntary intoxication defense. Upon presentation of all the evidence, the court delivered its final instructions to the jury, among which was the following:

"The included offenses of the crime of attempted rape are: (1) *criminal déviate conduct* and (2) *battery.* The crime of criminal deviate conduct is defined in pertinent part by statute as follows: a person who knowingly or intentionally causes penetration by an object or any other means, of the sex organ or anus of another person when the other person is compelled by force or imminent threat of force commits criminal deviate conduct. To convict the defendant of the included offense of criminal deviate conduct, the State must have proved that the defendant: (1) knowingly or intentionally; (2) caused penetration by an object, or any other means, of the sex organ or anus of another person when; (3) the other person was compelled by force or imminent threat of force. If the State proved each of the elements of the crime of criminal deviate conduct, beyond a reasonable doubt, you should find the defendant guilty of criminal deviate conduct, a Class B Felony, and conclude your deliberations. If the State failed to prove each of the essential elements of the crime of criminal deviate conduct, beyond a reasonable doubt, you should find the defendant not guilty of that crime and continue your deliberations to decide whether the State has proven each ele-

ment of the included offense of battery, beyond a reasonable doubt.... you should find the defendant not guilty of that crime and conclude your deliberations."

Record, pp. 394–95 (Emphasis added.) McGill made no objection to this instruction.

The jury returned a verdict of guilty of criminal deviate conduct, and the trial court sentenced McGill to ten years. He now claims he is entitled to reversal on the basis of error in this instruction.

## DECISION

■ It is elementary that in the absence of objection at trial, error in an instruction is waived. Ind.Rules of Procedure, Criminal Rule 8(B); *Martin v. State,* (1983) Ind., 453 N.E.2d 1001. However, in this case, McGill asserts the error was not waived because the trial court's error in delivering this instruction was fundamental. He contends such instruction, which defined criminal deviate conduct as a lesser included offense of attempted rape, allowed the jury to reach a verdict finding him guilty of a crime for which he was never charged. If this is indeed the case, McGill is correct that error in such instruction was not waived because it is clearly fundamental error, as a denial of due process, to so convict a defendant. *See, e.g., Mason v. State,* (1979) 271 Ind. 316, 392 N.E.2d 806; *Garcia v. State,* (1982) Ind.App., 433 N.E.2d 1207; *Addis v. State,* (1980) Ind. App., 404 N.E.2d 59. The law is clear that fundamental error may be considered on appeal, even if not raised by proper objection at trial. *Young v. State,* (1967) 249 Ind. 286, 291, 231 N.E.2d 797; *Allison v. State* (1973) 157 Ind.App. 277, 299 N.E.2d 618 (where the defendant was convicted of an offense not a lesser included offense of the offense charged nor included in the language of the charging affidavit and failed to include such as error in his motion to correct errors and this court held review was available because error was fundamental). Our inquiry must thus be directed to determining whether criminal deviate con-

duct is truly a lesser included offense of attempted rape.

It is imperative that, before proceeding further, we set forth this State's rape and deviate conduct statutes as applicable here:

"(a) A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force or imminent threat of force...

commits rape, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

IND.CODE 35–42–4–1(a)(1) (West 1978).

"(b) A person who knowingly or intentionally causes penetration, by an object or any other means, of the sex organ or anus of another person when:

(1) the other person is compelled by force or imminent threat of force...

commits criminal deviate conduct, a Class B felony. However, the offense is a Class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon."

IND.CODE 35–42–4–2(b)(1) (West 1978). And, of course, we must be cognizant that the charge here was for *attempted* rape, and not the crime of rape itself. *See* IND. CODE 35–41–5–1. Thus, we must determine whether conduct constituting a substantial step toward forcible sexual intercourse with R.C. (attempted rape) subsumes the offense of forcible penetration of R.C.'s vagina by McGill's fingers, either inherently or by elements divulged in the information. We do not believe it does.

■ In order to establish that one crime is an included offense of another, one must conclude that it

"(1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) differs from the offense charged only in the respect that a less serious harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission." IND.CODE 35-41-1-2 (West 1978) (repealed 1983 Ind.Acts, P.L. 311 § 49) (now IND.CODE 35-41-1-16). In addition, we must be cognizant that there are two categories of lesser included offenses: 1) inherently, or necessarily, included offense (the greater offense cannot be committed without also committing the lesser); and 2) factually included offense (lesser offense described in charging instrument by virtue of the manner in which the greater was committed). *Jones v. State*, (1982) Ind., 438 N.E.2d 972. After examining these statutes and the information, we have determined that, in this instance, criminal deviate conduct was not a lesser included offense of McGill's charged conduct, attempted rape.[1]

■ Criminal deviate conduct is not inherent in the crime of attempted rape; it is not necessarily committed when one attempts rape. First of all, we cannot deem it an attempt to attempt rape. *See Smith v. State*, (1981) Ind.App., 427 N.E.2d 11 (an attempt is not a crime in itself). Nor does it encompass a less serious risk of harm or less culpability than attempted rape—both require knowing or intentional behavior and create the same physical and psychic injuries. Most importantly, however, is that deviate conduct has a different element from attempted rape, rather than having all the same or less than all the same elements. *Attempted* rape presupposes sexual intercourse never occurred, i.e. that there was no penetration of the

female sex organ by the male sex organ. *See* I.C. 35-41-1-2. On the other hand, criminal deviate conduct as instructed herein against McGill requires penetration as an essential element. I.C. 35-42-4-2(b)(1). This is not to say penetration by an object, such as McGill's fingers, could not be *evidence* used to prove an attempt to rape, but it is not a necessary element of the crime. One *can* attempt to rape without committing criminal deviate conduct. Thus, we must conclude that deviate conduct is not an inherently included lesser offense of attempted rape. *See also Forrester v. State*, (1982) Ind., 440 N.E.2d 475 (rape and criminal deviate conduct—fellatio, IND.CODE 35-42-4-2(a)—do not include each other); *Riley v. State*, (1982) Ind., 432 N.E.2d 15 (rape and criminal deviate conduct—IC 35-42-4-2(a)—are separate and distinct offenses).

■ As for examining the factual allegations in the information here, with constant reference to the three prongs of IC 35-41-1-2 as we did above, our task is even easier. One quick perusal of the factual allegations contained in the charge of attempted rape informs us that nowhere is penetration of R.C.'s vagina or anus ever mentioned. Failure to mention this vital element of deviate conduct is fatal to any argument that it was a factually included lesser offense of the charged crime, attempted rape. Nor can we incorporate the probable cause affidavit (as attached to the information) into the charging instrument, as the State requests, because only the information itself could truly serve as notice to McGill of the charged offense, permitting him to tailor his defense in accordance therewith. *See Garcia v. State, su-*

---

1. We also note the Commentary to West's Indiana Code expresses reservations regarding rape as an included offense of criminal deviate conduct as defined by IND.CODE 35-42-4-2(b) (criminal deviate conduct under IND.CODE 35-42-4-2(a) being a proscription against deviate sexual conduct, IND.CODE 35-41-1-9). The commentator states:

    "[S]ubsection (b) criminal deviate conduct is potentially included in rape. Since rape requires a showing of 'not his spouse' and no similar exclusion is found in subsection (b)

    offense, rape would not be an included offense of criminal deviate conduct. Because the 'spouse exclusion' for rape is not in criminal deviancy, it is very doubtful that sexual intercourse was intended to be within the scope of penetration 'by any other means' in subsection (b) criminal deviate conduct. Thus, it is doubtful that persons could be successfully prosecuted for criminal deviate conduct under subsection (b) for sexual intercourse, as this defeats the 'spousal immunity' concept in rape."

*pra.* Our conclusion, therefore, can be none other than that criminal deviate conduct is not only not an inherently included lesser offense but was also not factually included *vis à vis* the information filed herein.

As a result, we are compelled to agree with McGill that he was denied his due process rights, a fundamental error.

Reversed.[2]

CONOVER, P.J., and YOUNG, J., concur.

2. We observe the jury was also instructed on battery as a lesser included offense and are mindful of case law precedent wherein we have modified rather than reversed judgments when a lesser included offense is available and proven by sufficient evidence. *See, e.g., Peek v. State,* (1983) Ind.App., 454 N.E.2d 450; *Garcia v. State,* (1982) Ind.App., 433 N.E.2d 1207; *Stevens v. State,* (1981) Ind.App., 422 N.E.2d 1297. Without having to determine if battery is a lesser offense of either criminal deviate conduct or of attempted rape, we decline to follow these cases, deeming them inapposite to this case because, unlike those cases, there is not sufficient evidence of battery to so modify the conviction.

We could try to modify the verdict to battery, as a lesser offense of criminal deviate conduct, however, such offense would necessarily be premised on the jury's conclusion that McGill penetrated R.C.'s vagina. This again would be finding McGill guilty of an offense of which one of the basic elements was never charged. As for battery as a lesser offense of attempted rape, we could indeed find the elements properly alleged in the information were established, but we would have to transgress our bounds of judicial review to do so. If the jury weighed the evidence, adjudged the credibility of the witnesses and reached the conclusion that McGill committed some crime other than the one charged, we are without the power to reweigh and rejudge the evidence in order to find him guilty of a lesser offense of that "unproven" but charged offense. This is particularly so when attempted rape and criminal deviate conduct are entirely different offenses. The jury had its opportunity to determine whether McGill attempted to rape R.C.; it chose not to do so. We would usurp its function if we were to now pick and choose among that "discarded" evidence to build a sufficient case to sustain a lesser offense. We must therefore reverse, as we did in *Addis v. State,* (1980) Ind.App., 404 N.E.2d 59, for lack of sufficient evidence to find McGill guilty of a lesser crime.