Joseph Edward COMPTON, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 483S131.

Supreme Court of Indiana.

July 16, 1984.

Joseph M. Dietz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Joseph Edward Compton, was convicted by a jury of theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1984 Supp.), and was found to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). Defendant received a total sentence of thirty-two years. Defendant raised the following three issues in this direct appeal:

1. Whether the trial court erred in refusing to instruct the jury on the lesser included offenses of criminal trespass and criminal conversion.

2. Whether defendant received effective assistance of counsel; and

3. Whether the evidence was sufficient to support the conviction for theft.

A review of the facts most favorable to the state shows that on May 11, 1981, the Indianapolis police were notified by a burglar alarm of a burglary in progress at a Dairy Queen located at 1824 North Hillside Avenue in Indianapolis, Indiana. Officers Robert Strykowski and Myron Bodenhamer, driving in separate vehicles, investigated. Upon arriving at the Dairy Queen, Strykowski noticed a 1972 Buick pull over next to the store and stop. Strykowski also observed a broken window in the

Dairy Queen. The Buick then suddenly sped away and both officers pursued. The chase continued for several blocks until the Buick crashed into a wall. The driver ran from the car but was apprehended by Bodenhamer. Both officers identified defendant as the driver. Found in defendant's car was a cash register, which was identified by the Dairy Queen owner as one of two cash registers taken from the business. The second cash register was never found.

## I.

Defendant first contends the trial court erred in failing to instruct the jury on the lesser included offenses of criminal trespass and criminal conversion. We note, however, the defendant failed to tender any *written* instructions on these offenses prior to final argument, as is required by Ind.R.Crim.P. 8. Defendant did orally request that the judge give the instructions, but he failed to do this until the trial judge requested that objections be made on the written instructions that had been tendered. We therefore could rightfully conclude that any error predicated on the failure of the trial judge to give an instruction was waived by the failure to tender a written instruction. *Begley v. State*, (1981) Ind., 416 N.E.2d 824.

Even were we to find that defendant sufficiently preserved the alleged error, there is no merit to the argument that defendant was entitled to instructions on the lesser included offenses. In *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208, we discussed the two-step analysis for determining the propriety of instructions on lesser included offenses. The first step involves examining the statutes involved and the charging information, while the second involves examining the evidence to determine whether the facts would support the instruction. Both of these steps must be satisfied before an instruction is proper. *Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098. Defendant here has failed to pass

the first step. An examination of the information in this case shows that defendant was charged with burglary and theft. The information quoted the statute almost verbatim and there is no doubt that the prosecutor was not attempting to seek a conviction on a lesser included offense. As we stated in *Jones v. State*, (1982) Ind., 438 N.E.2d 972, "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime(s) with which a defendant will be charged." *Id.*, 438 N.E.2d at 975. Thus, notwithstanding that the evidence in this case may have supported an instruction on a lesser offense, defendant was not entitled to have the instructions given to the jury. To do so would result in the possibility of a compromise verdict. *Jones v. State; Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351. We find that the trial court did not err in refusing to instruct the jury on the lesser included offenses.[1]

## II.

Defendant argues that, if we find his trial attorney waived the lesser included instruction issue when she failed to tender written instructions, we must find that his attorney was incompetent. Under the recent Supreme Court case of *Strickland v. Washington*, (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674, however, there must be a showing that counsel acted unreasonably before we can reverse on the ground of ineffective counsel. There is a strong presumption that counsel rendered adequate legal assistance. Defendant here has failed to rebut this strong presumption. Defendant identifies but one allegedly incompetent act in support of the claim of ineffective assistance of counsel. Isolated mistakes or matters of trial strategy will not be sufficient to find the trial counsel acted unreasonably. The proper focus is on all of the circumstances surrounding

---

1. Defendant also, in context of his argument on this issue, contends the trial judge abused his discretion in not granting a ten-minute recess to allow defendant's attorney to prepare instructions. We find no such abuse.

representation. *Strickland v. Washington.* Here there was not a sufficient showing that counsel was ineffective. As such, we cannot now reverse.

### III.

Defendant lastly claims the evidence was insufficient to support the theft conviction. Specifically, defendant contends the evidence was insufficient to find that he exerted unauthorized control over the cash register with the intent to permanently deprive the owner of its use.

 Under our standard of review we may neither weigh the evidence nor judge the credibility of witnesses. We look at the evidence most favorable to the state and all reasonable inferences drawn therefrom to determine whether there is substantial evidence of probative value to support the conclusion of the trier of fact. *Walker v. State,* (1982) Ind., 442 N.E.2d 696; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986.

 Here, a reasonable inference can be drawn from the evidence to support the jury's conclusion that defendant had the requisite intent. Defendant, after a lengthy chase, was apprehended and was found to be in possession of a cash register belonging to the Dairy Queen. Defendant had not been given permission to take the register. Although defendant claimed he found the cash register, the fact that two different inferences may be derived from the facts does not render the verdict infirm, so long as there is sufficient probative evidence to support the ultimate conclusion. That being the case here, we will not reverse.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.