Charles SLAYTON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–1283A422.

Court of Appeals of Indiana,
Fourth District.

Dec. 10, 1984.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a bench trial, Charles Slayton was convicted of theft, a Class D felony under IND.CODE 35-43-4-2 (1982). On appeal, he claims that there was insufficient evidence to support his conviction and that the court erroneously convicted him of theft after acquitting him of robbery, the crime with which he was charged in the information filed against him.

We reverse.

In reviewing Slayton's challenge to the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses. We consider only the evidence most favorable to the state, and we will affirm if there was substantial evidence of every element of the crime charged from which the court could reasonably infer guilt beyond a reasonable doubt. *Harris v. State*, (1981) Ind., 425 N.E.2d 112.

The evidence at trial revealed that the victim, Brian Sosbe, was accosted by two men at approximately 5:45 on July 9, 1983. The taller of the two grabbed Sosbe, holding his arms as he and his companion took Sosbe's watch, umbrella, and wallet. The two men hit Sosbe on the head, threw him to the ground, and fled.

■ The police arrived within minutes and quickly broadcast Sosbe's description of the men who robbed him. About fifteen minutes later, Sosbe was taken to look at two suspects who had been stopped nearby. He was able to identify one as his shorter assailant, but he could not positively identify the other suspect, except to say that his clothes were the same as those of the taller assailant. The police then searched the taller suspect, who was identified at trial as Slayton, and found Sosbe's wallet in his possession. This evidence, showing that Slayton had possession of Sosbe's wallet only minutes after it was stolen and that Slayton was with one of the men who robbed Sosbe, was sufficient to prove Slayton knowingly exercised unauthorized control over Sosbe's wallet. *See Ward v. State*, (1973) 260 Ind. 217, 294 N.E.2d 796.

■ Secondly, Slayton claims the trial court erred in convicting him of theft because the information against him charged him only with robbery, a crime of which the court acquitted him.[1] We agree. Where the correctness of instructing the jury or convicting the defendant of a lesser offense is at issue, we apply a two-step analysis. First we must examine the statutes involved as well as the charging information, to determine whether the defendant has been charged with the lesser offense. *Compton v. State*, (1984) Ind., 465 N.E.2d 711; *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208. If the defendant was not charged with the lesser offense, the jury may not be instructed about it and the defendant may not be convicted thereon. *McGill v. State*, (1984) Ind.App., 465 N.E.2d 211; *Roddy v. State*, (1979) 182 Ind.App. 156, 394 N.E.2d 1098. Secondly, we must examine the evidence at trial to determine whether the facts support the lesser offense instruction. *Roddy v. State*, *supra*. Since the evidence in this case supports a finding that Slayton committed theft but not robbery, we need concern ourselves only with the first of these two steps.

---

1. The state contends Slayton has waived this issue by failing adequately to argue it on appeal. Slayton's allegation, however, is essentially that he was convicted of a crime with which he was not charged. If this is correct, our usual rule of waiver does not apply because it is fundamental error to convict a person of a crime not charged. *McGill v. State*, (1984) Ind.App., 465 N.E.2d 211.

■ Until recently, in cases concerning the adequacy of an information to charge the defendant with lesser offenses, it was often said that an information sufficient to charge the greater offense was by necessity sufficient to charge any "inherently included" lesser offenses.[2] *E.g., Roddy v. State, supra*, at 167–68, 394 N.E.2d at 1106. Thus, an information charging a defendant with forcible rape was considered ipso facto sufficient to charge battery as well, since it is impossible to commit forcible rape without touching the victim in a rude, insolent, or angry manner. *West v. State*, (1950) 228 Ind. 431, 92 N.E.2d 852. Similarly, in *Swafford v. State*, (1981) Ind., 421 N.E.2d 596, our supreme court held the charges of criminal recklessness and battery were both necessarily included in an information alleging that the defendant murdered the victim by "shooting at or against [his] body ... with a certain gun loaded with gun powder and bullets." *Id.* at 603.

In the past year, however, our supreme court has taken a more restrictive approach in determining what lesser offenses will be included in an information charging a greater offense. In *Sills v. State*, (1984) Ind., 463 N.E.2d 228, the defendant, who was charged with murder, argued the trial court had erred in refusing his instructions on the lesser offenses of involuntary manslaughter and battery.[3] The supreme court held the defendant was not entitled to these instructions because the information charging him with murder was insufficient to charge him with any lesser offenses. The court's reasoning was as follows:

2. A lesser offense is "inherently included" in the greater offense if, by virtue of the statutes defining both offenses, it is impossible to commit the greater offense without also committing the lesser. *Jones v. State*, (1982) Ind., 438 N.E.2d 972.

3. The statute defining involuntary manslaughter reads as follows:

   A person who kills another human being while committing or attempting to commit:

   (3) battery;
   commits involuntary manslaughter, a Class C felony.

In *Jones v. State*, (1982) Ind., 438 N.E.2d 972, we held that "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime(s) with which a defendant will be charged." *Id.*, 438 N.E.2d at 975. The information in this case charged that:

> "On or about the 7th day of September, 1981, in Huntington County, in the State of Indiana, Shawn Lynn Sills did knowingly or intentionally kill another human being, Mary Haines, by striking and beating at and against the body of the said Mary Haines with his fists and did then and there and thereby cause said Mary Haines to die.
>
> "All of which is contrary to the form of the Statute in such cases made and provided, to-wit: Ind.Code 35–42–1–1 and against the peace and dignity of the State of Indiana."

It is clear that the state sought only to charge for murder. The defendant cannot inject the lesser offense, since this would allow the jury to return a compromise verdict.

463 N.E.2d at 235. The supreme court reaffirmed this approach in *Compton v. State*, (1984) Ind., 465 N.E.2d 711. In *Compton*, the court held that, where the defendant was charged with theft in an information quoting the theft statute "almost verbatim," the prosecutor clearly did not intend to charge him with the lesser offense of conversion.[4] Thus, the court

IC 35–42–1–4 (1982). Battery is defined as follows:

   A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

   (3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.
   IC 35–42–2–1 (1982).

4. Theft and conversion are defined as follows:

   A person who knowingly or intentionally exerts unauthorized control over property of

held, the jury could not properly have been instructed on any lesser offenses, "notwithstanding that the evidence ... may have supported an instruction on a lesser offense ...." *Id.* at 713.

■ Under *Sills* and *Compton*, it is not entirely clear when an information charging a greater offense should be found sufficient to charge an "inherently included" lesser offense. The rule seems to be, however, that when the prosecutor charges the greater offense in language closely tracking the statutory definition of that offense and the prosecutor does not insert additional language showing an intent to charge any lesser offenses, the information must be held to charge only the greater offense.

■ Such is the case here. The information here was entitled "Information for Robbery," and it alleged that Slayton:

> did knowingly take property, to-wit: A WALLET, A WATCH AND A BRACELET from the person or presence of BRIAN J. SOSBE by putting BRIAN J. SOSBE in fear or by using or threatening the use of force on BRIAN J. SOSBE, all of which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

Like the information in *Compton*, this information charges the greater offense in language taken nearly verbatim from the statute defining that offense. This information contains no indication that the prosecutor intended to charge Slayton with the lesser offense of theft. Had Slayton tendered a jury instruction on theft, the trial court would clearly be required to refuse it under *Sills* and *Compton, supra.* By the same token, since the prosecutor here apparently chose not to charge Slayton with theft, the state was foreclosed from seeking a conviction for theft. *See McGill, supra.* We accordingly hold that the trial court erred in convicting Slayton of theft after acquitting him of robbery, the crime with which he was originally charged.[5]

The trial court's judgment is reversed and remanded with instructions to enter a judgment of acquittal in Slayton's favor.

MILLER, P.J., concurs.

CONOVER, J., dissents without opinion.

---

another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

IC 35–43–4–2(a) (1982).

A person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion, a Class A misdemeanor.

IC 35–43–4–3 (1982).

**5.** We note that our supreme court has, in the past, upheld a theft conviction entered against a defendant charged with robbery. *Hitch v. State,* (1972) 259 Ind. 1, 284 N.E.2d 783. In light of the foregoing analysis, however, we can only conclude that the *Hitch* decision has been impliedly overruled on this point by *Sills* and *Compton.*