Bennie W. **MAYNARD**, Appellant
(Petitioner Below),

v.

**STATE of Indiana**, Appellee
(Respondent Below).

No. 484S132.

Supreme Court of Indiana.

April 3, 1986.

Susan K. Carpenter, Public Defender, Paul Levy, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner (Defendant-Appellant) was charged with infliction of physical injury while in the commission of a robbery, Ind. Code § 35–13–4–6 (Burns Code Ed., 1975). Following a jury trial he was convicted of commission of a felony (robbery) while armed with a dangerous or deadly weapon as a lesser-included offense, Ind.Code § 35–12–1–1 (Burns Code Ed., 1975), and sentenced to a term of thirty (30) years. This Court affirmed the conviction. See, *Popplewell; Maynard v. State* (1978), 169 Ind. 323, 381 N.E.2d 79.

Defendant now appeals from denial of his subsequent petition for post-conviction relief, asserting that he was convicted for an offense not charged nor properly includable in the offense charged.

We first note that the post-conviction trial court did not enter findings and conclusions as required by PCR 1, § 6. When properly entered, findings and conclusions greatly aid the reviewing court in determining the basis for the granting or denial of relief and evaluating the contentions raised on appeals from such determinations. Accordingly, this Court recently remanded a case for entry of findings as required by PCR 1, § 6. See *Taylor v. State* (1985), Ind., 472 N.E.2d 891, 892 *after remand* 480 N.E.2d 924. However, in the interest of judicial economy, in post-conviction cases where material facts are not in dispute and the record is otherwise sufficient to review the contentions presented, this Court, in its discretion, has addressed the merits without remand. *See, e.g., Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1128; *see also Sims v. State* (1981), Ind.App., 422 N.E.2d 436, 438. We shall do likewise.

In pertinent part, the information charged that the Defendant:

did ... by violence and putting [the victim] in fear, take from [the victim] ... personal property ... and, while engaged in committing the robbery aforesaid, did then and there unlawfully and feloniously inflict a physical injury, ... by striking [the victim] with a Tire Iron[.]

This language is clearly intended to charge a violation of IC 35–13–4–6 which defines the crime of infliction of injury during robbery:

Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy club, blackjack, *or any other deadly or dangerous weapon or instrument*, while engaged in the commission of a robbery, shall, upon conviction, be imprisoned in the state prison for life. (Emphasis supplied.)

At the commencement of the trial, the court instructed the jury of the charge contained in the information, and further informed the jury of the definition of the crime of commission of a felony while armed, as provided in IC 35–12–1–1:

Any person who ... commits or attempts to commit any felony while armed *with any dangerous or deadly weapon*, ... shall be guilty of a separate felony and upon conviction shall be imprisoned for [a] determinate period of not less than ten [10] years nor more than thirty [30] years. (Emphasis supplied.)

The evidence at trial revealed that Maynard and an accomplice robbed and beat the victim using a tire iron. At the conclusion of the trial, the jury found the Defendant guilty of commission of a felony while armed. Thus, there exists a variance between the crime charged and the offense for which the Defendant was convicted.

Defendant contends that he was convicted of an offense not properly includable within the criminal conduct charged. Indiana law recognizes two types of included offenses: First, the inherently included offense which is necessarily committed in the course of committing the greater offense; and, second, those offenses "committed by reason of the manner in which the greater offense was committed," if within the factual allegations contained in the charging instrument. *Jones v. State* (1982), Ind., 438 N.E.2d 972.

We agree with the Defendant that the crime of commission of a felony while armed, is not includable as a necessarily com-

mitted offense within the crime of inflicting physical injury during a robbery. We must therefore determine whether Defendant is correct in his contention that a tire iron is not a "weapon" under IC 35–12–1–1, and that therefore the crime for which he was convicted was not included within the factual allegations of the charging instrument.

To determine whether an object qualifies within the phrase "dangerous or deadly weapon," we must look to its manner of use. The opinion of this Court in *Kidwell v. State* (1967), 249 Ind. 430, 230 N.E.2d 590, *cert. denied* (1968), 392 U.S. 943, 88 S.Ct. 2326, 20 L.Ed.2d 1405, instructs:

> Whether a particular object is or is not a dangerous or deadly weapon depends in many cases upon the manner in which it is used. And therefore, whether the affidavit in this case stated facts constituting a public offense depends upon how the knife was shown to have been used.

249 Ind. at 433–34, 230 N.E.2d at 592. In *Jones v. State* (1978), 269 Ind. 543, 381 N.E.2d 1064, we held that a starting pistol which could only fire blanks, but when used as a bludgeoning instrument to inflict injury, qualified as "a dangerous or deadly weapon" sufficient to support conviction under IC 35–12–1–1.

We therefore hold that the factual allegations which here charged that the Defendant, while engaged in commission of robbery inflicted physical injury by striking the victim with a tire iron, are sufficient to support the resulting conviction. The judgment of the post-conviction trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.