Larry D. **JONES**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 185S14.

Supreme Court of Indiana.

April 25, 1986.

Richard L. Young, Hayes and Young, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Larry Jones was convicted after a jury trial of robbery, a class C felony, Ind.Code § 35–42–5–1 (Burns 1985). He was sentenced to a term of imprisonment of five years. The jury also found Jones to be an habitual offender and thus the robbery sentence was enhanced by an additional thirty years.

Appellant's sole claim in this direct appeal is that the trial court erred by refusing to charge the jury that theft and criminal conversion were lesser included offenses of the robbery.

These are the facts which tend to support the trial court's judgment. On May 11, 1984, Russell Eagleson, age 71, went to the Seasonal Shoppe, of which his son Jerry was co-owner. Jerry had asked his father to make a bank deposit for the store. Russell Eagleson collected the checks, cash, and deposit slip for several thousand dollars.

Eagleson held the funds in his hand as he opened the front door of the store. While standing in the doorway, he decided it would be safer to carry the funds in his pants pocket. Eagleson put the funds in his pocket and then looked up to see Jones watching him.

Eagleson held onto the money in his pocket as he walked toward a gate which was located between the front of the store and the street. Jones approached Eagleson and made a comment about flowers. Eagleson kept on walking toward the street, but Jones grabbed him by the arm, pulled him towards the gate, and then forced him down to the ground. Eagleson yelled for help while he kicked Jones. Jones tore Eagleson's pants and pulled his pocket loose. He took the money and drove away in his black car, which was parked in front of the store. Eagleson positively identified the defendant in court as the man who robbed him.

Greg Hawkins was inside Jerry Eagleson's house, which is attached to the store. Hawkins heard a noise outside; he saw Mr. Eagleson on the ground and a man fleeing. Hawkins chased the defendant, who managed to get away. Hawkins called the police to report the crime and also gave the license plate number (26A2176) and a description of the car. Hawkins later identified defendant at the state police post as the man he saw running from the scene. Hawkins and Eagleson each identified State's exhibit four as a photograph of Jones' vehicle. Hawkins had positively identified the car at the police garage and later testified that Jones headed north on U.S. 41 when he fled the scene.

Daniel Stock, an Evansville police officer, was directing traffic at the scene of a personal injury accident on U.S. 41 North. After receiving a radio dispatch that a robbery suspect was driving a black car with license plate number 26A2176, he responded to headquarters that this car had just passed through his location. He identified defendant at the state police post and in court as the driver.

James L. Nelson, an Indiana State Police officer, observed the suspect driving north on U.S. 41. He pursued the car and then arrested defendant. Jones was placed in the front passenger seat of Nelson's police car. Jones was transported to the State police post. The police did not recover any of the stolen property on Jones when he was subsequently searched at the state police post. However, Nelson later discovered cash, checks endorsed by the Seasonal Shoppe, and a deposit slip under the front seat of his car where Jones had been sitting. He recalled that while transporting Jones to the state police post a fellow officer had ordered Jones to sit back down because he was "squirming around in the seat."

Appellant argues that the trial court erred by refusing his tendered instructions which would have informed the jury that they could find Jones guilty of the lesser included offenses of theft or criminal conversion.

### A. Theft

■ There is no merit to Jones' claim that the jury was not charged that theft is a lesser included offense of robbery. The court did refuse appellant's tendered instruction:

> You are instructed that a lesser included offense of Robbery is the offense of Theft. The offense of Theft is defined as a person who knowingly or intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use and is a Class D felony.

However, the jury was charged with the following instruction presented by the court:

> Included in the crime of robbery is the crime of theft. The crime of theft is defined by statute as follows: A person who knowingly or intentionally exerts unauthorized control over property of another person with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.
>
> To convict the defendant, the State must have proved each of the following elements:
>
> The defendant
> 1. knowingly or intentionally
> 2. exerted unauthorized control
> 3. over property of another person
> 4. with intent to deprive the other person of any part of its value or use.
>
> If the State failed to prove any one of the essential elements of the crime of Theft beyond a reasonable doubt, you should find the defendant not guilty.
>
> If the State did prove each of the elements beyond a reasonable doubt, you should find the defendant guilty of the lesser included offense of Theft, a Class D felony.

The jury was presented a verdict form on the lesser included offense of theft but found Jones guilty of robbery.

### B. Criminal Conversion

Appellant also argues that the trial court erred by refusing to charge the jury with the following instruction which he tendered:

> You are instructed that Criminal Conversion is a lesser included offense of Robbery. Criminal Conversion is defined as a person who knowingly or intentionally exerts unauthorized control over property of another person and is a Class A misdemeanor.

In reviewing claims that a trial court has erroneously refused to give an instruction on a lesser included offense, we use a two-step standard. First, an examination of the statutes and the charging information or indictment must indicate that "a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense" and of the distinguishing element. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The second step is to examine the evidence presented at trial for the element which distinguishes the two offenses. *Malott v. State* (1985), Ind., 485 N.E.2d 879. If there is evidence of probative value on the distinguishing element which would not produce a compromise verdict, then the lesser included offense instruction would be proper.

■ Appellant has not satisfied the second step of this test. While conversion is a lesser included offense of robbery, it is not error to refuse such a tendered instruction when there is no question that all the elements of the robbery were present. *Rogers v. State* (1979), 272 Ind. 65, 396 N.E.2d 348. This Court has previously sanctioned the refusal of the trial court to charge the jury with an instruction on a lesser included offense when "the evidence produced to prove the element or elements differentiating the alleged greater and lesser offenses ... has substantial probative value and is not in serious dispute." *Lawrence*, 375 N.E.2d at 213; *Feyerchak v. State* (1978), 270 Ind. 157, 383 N.E.2d 1023, 1026. In an opinion written by Justice DeBruler, this Court explained that

> "[s]hould the jury return a verdict of guilty of the proposed lesser offense upon consideration of such evidence, their verdict could not but be the product

of a compromise between jurors who believe the accused guilty of the offense charged and those who believe him not guilty thereof, which is the unacceptable result sought to be foreclosed by the *Hash* rule. *Lawrence*, 375 N.E.2d at 213.

The element which distinguishes the offense of robbery from the offense of conversion is the use or threat of force or fear. In this case the victim testified that Jones grabbed his arm, pulled his body, and then forced him to the ground. This evidence had substantial probative value and was not disputed. Therefore, the trial court correctly refused to charge the jury that conversion was a lesser included offense of this robbery.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.