**Bobby CRAWFORD and Cynthia Wilburn, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A04–8604–CR–102.**

Court of Appeals of Indiana, Fourth District.

Jan. 29, 1987.

Rehearings Denied Mar. 20, April 8, 1987.

David R. Hennessy, Indianapolis, Ind. for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Ind. for appellee.

YOUNG, Judge.

Bobby Crawford and Cynthia Wilburn appeal their convictions for possession of marijuana. IND.CODE 35–48–4–11. They raise the following issues for our consideration:

1) Did the trial court err in convicting them of possession of marijuana when the information charged them with dealing in marijuana, IND.CODE 35–48–4–10, and maintaining a common nuisance, IND.CODE 35–48–4–13?

2) Is the evidence sufficient to sustain the convictions for possession of marijuana? [1]

We reverse.

Pursuant to a valid search warrant, the police seized over thirty grams of marijua-

na from Crawford and Wilburn's residence. The two were charged with dealing in marijuana and maintaining a common nuisance. They waived their right to a jury trial, and the trial court convicted them of possession of marijuana.[2]

Crawford and Wilburn contend the trial court erred in convicting them of a crime with which they were not charged. The state counters with the contention that, although it did not charge Crawford and Wilburn with possession, the fact that possession is an inherently included offense of dealing makes it unnecessary to separately charge possession.[3]

Until recently, if an information was sufficient to charge a greater offense, it was by necessity sufficient to charge an inherently included lesser offense. *See, Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098. Recent decisions, however, indicate our supreme court is taking a more restrictive approach in determining whether an information sufficiently charges a defendant with a lesser included offense.

In *Sills v. State* (1984), Ind., 463 N.E.2d 228, the supreme court held that the trial court properly refused the defendant's instruction on the lesser offense of involuntary manslaughter since the information clearly indicated the state sought only to charge him with murder. The court reasoned:

> In *Jones v. State,* (1982) Ind., 438 N.E.2d 972, we held that 'the state through its drafting can foreclose as to the defend-

---

**1.** Because of our holding on the first issue, we need not address the sufficiency issue. We would note, however, that the evidence would have been sufficient to find possession, had it been charged.

**2.** IND.CODE 35–48–4–11 provides:
A person who:
(1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, or hashish;
(2) knowingly or intentionally grows or cultivates marijuana; or
(3) knowing that marijuana is growing on his premises, fails to destroy the marijuana plants;

commits possession of marijuana, hash oil, or hashish, a Class A misdemeanor. However, the offense is a Class D felony (i) if the amount involved is more than thirty (30) grams of marijuana or two (2) grams of hash oil or hashish, or (ii) if the person has a prior conviction of an offense involving marijuana, hash oil, or hashish.

**3.** A lesser offense is inherently included in a greater offense if, by virtue of the statutory definitions of both offenses, it is impossible to commit the greater offense without also committing the lesser. *Jones v. State* (1982), Ind., 438 N.E.2d 972, 974.

ant, the tactical opportunity to seek a conviction for a lesser offense. The point is that absolute discretion rests in the state to determine the crime(s) with which a defendant will be charged.' *Id.,* 438 N.E.2d at 975.

*Sills, supra* at 235.

The supreme court reaffirmed its position in *Compton v. State* (1984), Ind., 465 N.E.2d 711, upholding the refusal of an instruction on the lesser included offenses of criminal trespass and criminal conversion when the information only charged the defendant with burglary and theft. The court noted that the information quoted the theft and burglary statutes almost verbatim. *Compton, supra* at 713.

In *Sills, supra,* and *Compton, supra,* the supreme court was concerned that injecting an instruction on the lesser offense would allow the jury to reach a compromise verdict. The policy against compromise verdicts applies even where the judge is the trier of fact. The state, through artful draftsmanship, "can foreclose any opportunity by the defendant to seek conviction for a lesser offense," *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 268, and thereby prevent the defendant from obtaining an instruction on an uncharged lesser included offense. In the present case, the state asserts that a defendant may be convicted of included crimes with which he was not charged. This stance would create an untenable result since the defendant could be convicted of an uncharged crime but not be able to have the jury instructed on the crime. Because the state has sole control over the crimes with which the defendant will be charged, it should be precluded, as is the defendant, from seeking consideration of a crime not charged.

Due process requires that defendants be notified of the charges against them. Crawford and Wilburn were charged with dealing. They therefore could prepare their defense by focusing on the state's inability to prove the element of intent to deliver. Nothing in the information alerted them to the possibility of a conviction on possession. Thus, the defendants would not necessarily have given due attention to the possession issue since they only needed to show the state's failure to prove intent to avoid conviction for dealing, and the crime of possession was not charged.

In *Slayton v. State* (1984), Ind.App., 471 N.E.2d 1154, also a bench trial, we held that the trial court erred in convicting the defendant of theft, when he was charged in the information with robbery.

The rule seems to be ... that when the prosecutor charges the greater offense in language closely tracking the statutory definition of that offense and the prosecutor does not insert additional language showing an intent to charge any lesser offenses, the information must be held to charge only the greater offense.

*Slayton, supra* at 1157. In *O'Grady v. State* (1985), Ind.App., 481 N.E.2d 115, 119, we held that the prosecution was limited to the offense of dealing in heroin since the language used in the information closely tracked the language of the dealing statute and there was no language to indicate the prosecutor intended to charge the defendant with possession.

■ The information in this case specifically states that it is an "[i]nformation for Count I, Dealing in Marijuana[,] I.C. 35–48–4–10, Class D [and] Count II, Maintaining A Common Nuisance, I.C. 35–48–4–13(b), Class D felony." It does not mention IC 35–48–4–11, the statutory section which makes possession a crime. In addition, the language of the information closely tracks the language of the dealing statute. IC 35–48–4–10 provides:

(a) A person who:

 (1) knowingly or intentionally manufacturers [sic] or delivers marijuana, hash oil, or hashish, pure or adulterated; or

 (2) *possesses, with intent to manufacture or deliver, marijuana, hash oil, or hashish, pure or adulterated;*

commits dealing in marijuana, hash oil, or hashish, a Class A misdemeanor.

(b) However, the offense specified in subsection (a) is:

 (1) a Class D felony if:

(A) the recipient or intended recipient is under eighteen (18) years of age; (B) *the amount involved is more than thirty (30) grams* but less than ten (10) pounds of marijuana or two (2) grams but less than three hundred (300) grams of hash oil or hashish; or (C) the person has a prior conviction of an offense involving marijuana, hash oil, or hashish; and

(2) a class C felony if the amount involved is ten (10) pounds or more of marijuana or three hundred (300) or more grams of hash oil or hashish. (Emphasis added.)

The charging information provides that Crawford and Wilburn

did unlawfully and knowingly *possess, with intent to deliver, a Controlled Substance, to-wit: MARIJUANA, of an aggregate weight of MORE THAN THIRTY (30) GRAMS*, and were not authorized by any law of the United States of America or of the State of Indiana to have said Controlled Substance in their possession, all of which is contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana. (Emphasis added.)

The absence of variance between the language used in the information and the language of subsections (a)(2) and (b)(1)(B) of the dealing statute clearly shows that Crawford and Wilburn were charged with dealing. There was no additional language or count notifying them of the prosecutor's intent to charge them with the offense of possession.[4] The state, in its discretion,

could have charged them with that crime. It did not do so; therefore the conviction for possession cannot stand. Accordingly, we reverse and remand with instructions to enter a judgment of acquittal.

CONOVER, P.J., dissents with separate opinion.

MILLER, J., concurs.

CONOVER, Presiding Judge, dissenting.

I respectfully dissent.

Recently, our Supreme Court reaffirmed the long standing doctrine concerning convictions for lesser included offenses. In *Maynard v. State* (1986), Ind., 490 N.E.2d 762, Justice Dickson writing for a unanimous court, said

Defendant contends he was convicted of an offense not properly includable within the criminal conduct charged. Indiana law recognizes two types of included offenses: First the inherently included offense which is necessarily committed in the course of committing the greater offense: and, second, those offenses "committed by reason of the manner in which the greater offense was committed," if within the factual allegations contained in the charging instrument. *Jones v. State* (1982), Ind., 438 N.E.2d 972.

*Maynard, supra,* 490 N.E.2d at 763.

This case involves the second type of included offense wherein the greater offense is committed in a manner which necessarily includes commission of the lesser offense. Here, the charging information states

---

**4.** In *Maynard v. State* (1986), Ind., 490 N.E.2d 762, our supreme court found that the defendant had been convicted of an offense which was not directly charged in the information. In upholding the defendant's conviction on this offense, the court examined the language utilized by the prosecutor in the information and determined that it contained factual allegations that charged the defendant with performing acts which constituted the offense for which the defendant was ultimately convicted. Thus, in essence, the court in *Maynard* determined that the language of the information indicated an intent to charge the defendant with the greater offense. However, additional language in the in-

formation also indicated an intent to charge the lesser offense, and therefore, the conviction on the lesser offense was proper. This distinguishes *Maynard* from the present case.

To interpret *Maynard* otherwise would create a conflict between supreme court decisions. It would lead to the incongruous result of a defendant being convicted of a crime for which he could obtain no instruction. However, if the information contains additional language indicating an intent to charge both the lesser and greater offense, then the defendant presumably could obtain an instruction and/or be convicted of the lesser offense.

\* \* \* on or about the 5th day of March, A.D. 1985, at and in the County of Marion in the State of Indiana, did unlawfully and *knowingly possess,* with the intent to deliver, a Controlled Substance, to-wit: MARIJUANA, of an aggregate weight of MORE THAN THIRTY (30) GRAMS, ... (Emphasis added).

(R. 5).

IND.CODE 35–48–4–10 (dealing in marijuana, hash oil, or hashish) states:

(a) A person who:

(1) knowingly or intentionally manufactures or delivers marijuana, hash oil, or hashish, pure or adulterated; or

(2) *possesses, with intent to manufacture or deliver,* marijuana, hash oil, or hashish, pure or adulterated;

commits dealing in marijuana, hash oil, or hashish, a Class A misdemeanor. (Emphasis added).

IC 35–48–4–10.

IND.CODE 35–48–4–11 (the marijuana possession statute) states in pertinent part:

A person who:

(1) *knowingly or intentionally possesses* (pure or adulterated) marijuana, hash oil, or hashish;

\* \* · \* \* \* \*

commits possession of marijuana, hash oil, or hashish, a Class A misdemeanor.... (Emphasis added).

IC 35–48–4–11.

Possession differs from dealing, the offense charged in this case, only as to the element of possessing with intent to deal. Here, the offense of possession is necessarily committed if the offense of dealing in marijuana is committed as charged by the information in this case.

Contrary to the majority's holding, *Roddy v. State* (1979), 182 Ind.App. 156, 394 N.E.2d 1098; is still good law in Indiana when, as here, the lesser offense is committed in a manner in which the greater offense is by necessity committed. While some confusion on the subject may have arisen subsequent to *Roddy* and *Jones,* the unanimous decision in *Maynard* and *Jones v. State, infra,* impliedly restricts each of our Supreme Court's decisions in *Sills* and *Compton* to their own facts. *Maynard* and *Jones* now sound the Court's "concert A" on this issue.

Due process requires a defendant be given notice of the crime or crimes with which he is charged. A defendant cannot be convicted of a crime absent sufficient notice in the charging information. Ind. Const. Art. 1 § 13; *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686, 690, appeal dismissed (1973), 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152.

The charging information in this case notified defendants they were charged with possession of marijuana. The information could not have misled the defendants and they make no claim they were misled. Clearly, no due process violation occurred in this case.

The State has absolute discretion to determine the crime(s) with which the defendant will be charged. *Jones, supra.* The State may charge the defendant with a crime and then ask the court to instruct the jury on lesser included offenses at the close of the trial.[1]

*Jones, supra,* should control the disposition of this case. It says

Consistency in this area of our law is imperative, for the very manner in which an information is drafted depends upon the case law. The State may wish to seek conviction for a lesser offense, *depending upon the ultimate strength of its evidence.* By proper drafting, it can preserve the option to seek conviction for the lesser offense, which, if charged within the body of the information, serves the due process guarantee of notice to defendant. *Blackburn v. State* (1973) 260 Ind. 5, 291 N.E.2d 686, appeal

---

**1.** This rule is derived from IC 35–1–39–2: One offense included in another—in all other cases, the defendant may be found guilty of an offense, the commission of which is necessarily included in that with which he is charged in the indictment or information. IC 35–1–39–2 Burns 1975 now repealed.

dismissed, (1973) 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. (Emphasis supplied).

*Jones, supra,* 438 N.E.2d at 975.

The two Indiana Supreme Court cases cited as authority by the majority are clearly distinguishable from the present case. Both concern the trial court's failure to instruct the jury on lesser offenses. They are inapplicable to the situation where a defendant is convicted of a lesser included offense.

In the first case, *Compton v. State* (1984), Ind., 465 N.E.2d 711 the defendant was convicted of theft. The trial court refused to instruct the jury on the lesser included offenses of criminal trespass and criminal conversion as defendant had requested. The Supreme Court upheld the conviction holding a review of the charging instrument and the evidence demonstrated the prosecution did not intend to charge these lesser offenses. In so holding the court said "thus, notwithstanding that the evidence in this case may have supported an instruction on a lesser offense, defendant was not entitled to have the instructions given to the jury." *Id.* at 713.

Clearly, that holding does not preclude the conviction for the lesser included offenses in this case. In fact, the language infers, although the point is not addressed, the defendant could have been convicted of the lesser offenses had the charges and the evidence fulfilled the inherently included requirements.

In the second case, *Sills v. State* (1984), Ind., 463 N.E.2d 228; the defendant complained the court refused to instruct the jury on manslaughter, a lesser included offense of murder, with which he was charged and convicted.

The only defense raised by Sills was insanity. No evidence was presented to dispute any of the elements of murder. Because the defendant failed to dispute any of the elements distinguishing murder from manslaughter, the court properly refused instructions on manslaughter. *Id.*

Recently, the Supreme Court reaffirmed the rule applicable in such cases. It said

[I]f no genuine dispute exists as to evidence of the elements which distinguish the greater offense from the lesser offense, the defendant is either guilty of the offense charged or not guilty at all.

*Taylor v. State* (1986), Ind., 495 N.E.2d 710, 714. If, however, the evidence concerning the elements distinguishing the greater offense from the lesser is in genuine dispute, the defendant may be found guilty of the inherent lesser included offense. *Jones v. State* (1986), Ind., 491 N.E.2d 980, 982.

*Compton* and *Sills* address the issue of whether it is proper to give an instruction when requested by the defendant on a lesser included offense. This is not the issue in this case.

Crawford and Wilburn were charged with possessing and dealing in marijuana. Only evidence concerning possession was presented, no evidence was presented that they had the intent to deal in marijuana. Thus, it was proper for the court to convict them of the lesser offense of possession.

I would affirm the trial court on all counts.