Cloyd D. ROUSE, Jr.,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 73A01–8802–CR–59.

Court of Appeals of Indiana,
First District.

July 25, 1988.

Bob Good, Warren R. Good, Good & Good, Shelbyville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant, Cloyd D. Rouse, Jr. (Rouse), appeals from his conviction in the Shelby Circuit Court on two counts of operating a motor vehicle with a .10% or more blood alcohol content in his blood resulting in the death of another person (BAC death), a Class C felony, and one count of operating a motor vehicle with a .10% or more blood alcohol content, (BAC), a Class C misdemeanor. Rouse's convictions on counts I and II are reversed.

### STATEMENT OF THE FACTS

The facts most favorable to the judgment are as follows. On November 10, 1986, Rouse was traveling on U.S. Highway 52 in Morristown, Indiana, when his Ford Bronco collided head-on with another vehicle. The driver and passenger in the other vehicle died that night from injuries they received in the collision. Rouse was slightly injured in the accident and was transferred to Hancock Memorial Hospital in Greenfield, Indiana. There, hospital personnel drew a blood sample from Rouse. The sample was later taken to the Indiana State Police Laboratory where a blood study showed that the sample had a .22% blood alcohol content.

On November 12, 1986, an Information was filed charging Rouse with two counts of operating a motor vehicle while intoxicated resulting in the death of another (DWI death) IND.CODE 9–11–2–5, a Class C felony. Rouse was further charged with one count of operating a motor vehicle while intoxicated, (DWI), IND.CODE 9–11–2–2. On May 14, 1987, Rouse was found guilty of two counts of BAC death and one count of BAC and on July 6, 1987, he was sentenced. Subsequently, Rouse appealed his convictions for the two BAC death charges.

### ISSUES

Rouse presents three issues on appeal. Because we reverse we will address only that issue which is dispositive. That issue is:

> The propriety of convicting and sentencing Rouse on the two BAC death charges.

### DISCUSSION AND DECISION

Rouse contends that he was convicted of an offense not properly includable within the criminal conduct charged. Rouse was charged in part by the following information:

### COUNT I

Jeffrey L. Hammond being duly sworn, upon his oath says that on or about the 10th day of November AD., 1986 at the county of Shelby, in the State of Indiana:

CLOYD D. ROUSE, JR. did knowingly operate a vehicle, to wit: 1979 Ford Bronco, while intoxicated on U.S. Hwy.

52 and Village Pantry Lot, Morristown, Shelby County, Indiana, a public highway in Shelby County, Indiana, thereby causing a death of another person, to-wit: Herman Lewis, all of which is then and there contrary to the form of the statute to-wit: IC 9–11–2–2 and IC 9–11–2–5, in such case made and provided and against the peace and dignity of the State of Indiana.

*Record* at 220. Count II was identical to Count I except that it charged Rouse with causing the death of Pearlie Lewis.

After the conclusion of all the evidence, the trial court instructed the jury that BAC death, IND.CODE 9–11–2–5; 9–11–2–1, was a lesser and included offense of DWI death. Subsequently, Rouse was found guilty of this purported lesser included offense on Counts I and II.

■ Our inquiry must be directed to determine whether BAC death is truely a lessor included offense of DWI death. In order to establish that one crime is a lesser included offense of another, one must conclude that it:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lessor kind of culpability, is required to establish its commission.

IND.CODE 35–41–1–16. Furthermore, as our supreme court stated in *Maynard v. State* (1986), Ind., 490 N.E.2d 762:

> Indiana law recognizes two types of included offenses: First, the inherently included offense which is necessarily committed in the course of committing the greater offense; and second, those offenses "committed by reason of the manner in which the greater offense was committed," if within the factual allegations contained in the charging instrument. (Citation omitted.)

490 N.E.2d at 763. Therefore, we need to review the two offenses with which we are concerned along with the charging Information.

In our discussion we note the court's decision in *Sering v. State* (1986), Ind.App., 488 N.E.2d 369, where the question of lesser included offenses as between IND. CODE 9–11–2–1 and IND.CODE 9–22–2–2 was carefully analyzed. IND.CODE 9–22–2–1 (BAC) is a Class C misdemeanor. IND. CODE 9–11–2–2 creates a Class A misdemeanor where a defendant operates a motor vehicle while intoxicated (DWI).

In *Sering* the defendant was charged and convicted of both BAC and DWI. The court commenced its analysis by reference to the *Blockburger* test as to whether each offense required proof of a fact which the other did not. *Blockburger v. U.S.* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The court concluded that BAC required proof of .10% or more blood alcohol content while DWI did not and that DWI required proof of impairment while BAC did not. Therefore, the court concluded that BAC and DWI were not the same offense.

The court then continued its analysis by reference to IND.CODE 35–41–1–16. The court indicated that subsection one was inapplicable because BAC and DWI possess distinguishing elements and consequently BAC was not an inherently included offense. The court in *Sering* further found that subsection two was inapplicable since neither offense is an attempt offense. Finally, the court noted that subsection three provides that one offense is included in another offense if it, "differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person ... is required to establish its commission." The court concluded that by making DWI a Class A misdemeanor and BAC a Class C misdemeanor, the legislature had determined that the risk occasioned by DWI was greater than that occasioned by BAC. Therefore, BAC was held to be a lesser included offense of DWI.

We now consider IND.CODE 9–11–2–5 which provides that:

A person who violates section 1 or section 2 of this chapter commits a Class C felony if the crime results in the death of another person.

This statutory provision incorporates the elements of BAC and DWI while adding the element of death. Under the *Sering* rationale BAC death is not an inherently included offense of DWI death and neither offense is an attempt offense. Furthermore, both offenses are Class C felonies, thus, indicating a legislative determination that the offenses are of equal harm or risk of harm. Therefore, BAC death is not a lesser included offense of DWI death under IND.CODE 35–41–1–16.

■■■ We now turn our attention to the factual allegations in the charging Information. The allegations in the DWI death charges did not state that Rouse's blood alcohol content was at least .10% at the time of his alleged offenses. Failure to mention this element is fatal to the argument that BAC death was a factually included lesser offense of the charged crime, DWI death. *See McGill v. State* (1984), Ind.App., 465 N.E.2d 211. It is also important because the charging Information serves as notice to a defendant of the offense charged, permitting him to tailor his defense accordingly. *Peek v. State* (1983), Ind.App., 454 N.E.2d 450; *Garcia v. State* (1982), Ind.App., 433 N.E.2d 1207. Therefore, BAC death was not factually included in the charging Information thereby denying Rouse his due process rights, a fundamental error. Consequently, while proper objection was not made to the instruction stating that BAC death was a lesser included offense and DWI death, that error was fundamental and not waived by Rouse. *See McGill, supra.*

For the above reasons, we hold BAC death is not a lesser included offense of DWI death and Rouse's conviction for the two BAC death charges are reversed. This cause is remanded to the trial court with instructions to vacate those convictions and enter judgment for the defendant. The BAC conviction is affirmed.

Judgment reversed in part and affirmed in part.

RATLIFF, C.J., and SULLIVAN, J., concur.